DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that classified appellant as a sexual predator as defined by R.C. 2950.01(E). For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appointed counsel David Bruhl has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In his brief filed on appellant's behalf, appointed counsel sets forth two proposed assignments of error. In support of his *Page 2 
request to withdraw, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues.
 {¶ 3} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or it may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court finds further that appellant was notified by counsel of his right to file an appellate brief on his own behalf; however, no pro se brief was filed. *Page 3 
 {¶ 5} Accordingly, this court shall proceed with an examination of the potential assignments of error proposed by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} The facts relevant to the issues raised on appeal are as follows. In September 2006, appellant was indicted on two counts of gross sexual imposition. In November 2006, he entered pleas of guilty pursuant to North Carolina v. Alford (1970), 400 U.S. 25, to two counts of attempted gross sexual imposition in violation of R.C. 2923.02 and R.C. 2907.05(A)(4) and (B). After advising appellant and inquiring of him as required by Crim. R. 11, the trial court accepted his guilty pleas. The trial court ordered a presentence investigation and report and referred appellant to the court diagnostic and treatment center for an evaluation pursuant to R.C. 2950. The case was continued to January 2007 for a sexual offender classification hearing.
 {¶ 7} On January 4, 2007, the first of three hearings was held. Testimony was heard from Dr. Charlene Cassel, a psychologist with the Court Diagnostic and Treatment Center. Dr. Cassel advised the court that based on her examination and evaluation of appellant she believed he should be classified as a sexually oriented offender. However, the trial court referred the matter back to Dr. Cassel so that she could review a 1993 presentence report prepared as a result of appellant's prior conviction for aggravated assault. Dr. Cassel had not had access to the presentence report prior to offering her opinion to the court at the first hearing. *Page 4 
 {¶ 8} At a second hearing held in February 2007, Dr. Cassel gave her opinion that appellant instead should be classified as a sexual predator. This change of opinion was based on information contained in the 1993 presentence report that led Dr. Cassel to believe that the aggravated assault for which appellant had been convicted was sexually motivated. At the close of the hearing, appellant requested that the court allow a second opinion as to his classification. The trial court granted the request and, further, asked the state to attempt to obtain any police reports related to the aggravated assault conviction so that they could be used to supplement information contained in the presentence report.
 {¶ 9} The final sexual offender hearing was held in March 2007. Dr. Gregory Forgac, a clinical and forensic psychologist, testified that appellant should be classified as a sexual predator. Dr. Forgac based his opinion in part on the 1993 presentence investigation and report as well as the 1992 police reports, which he believed indicated that there was a "significant sexual motive" behind the 1992 offense. Dr. Forgac stated that he also took into consideration the fact that there was violence involved in the prior offense as well as the fact that the victim of the instance offense was only nine years old and concluded that appellant presents a significant risk of reoffending.
 {¶ 10} Following Dr. Forgac's testimony, the trial court took a brief recess. When the proceedings resumed, the court rendered its decision finding appellant to be a sexual predator. The trial court articulated numerous reasons for its decision, including appellant's age (47), the age of the victim (9), evidence that appellant's prior assault conviction was a sexually motivated offense, the court's finding that the nature of *Page 5 
appellant's conduct with the victim revealed a pattern of abuse, and its finding that appellant displayed cruelty by telling the victim that if she told the police what he had done, one or both of them would go to jail.
 {¶ 11} In his first proposed assignment of error, counsel for appellant suggests that the trial court erred by considering his 1992 aggravated assault conviction when reaching its determination that appellant should be classified as a sexual predator.
 {¶ 12} Former R.C. 2950.09(B)(3), in effect at the time of appellant's classification hearing, required the trial court to consider "all relevant factors, including but not limited to * * * (b) [t]he offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses * * *."[1]
 {¶ 13} Accordingly, there is no basis for a claim that the trial court erred by considering appellant's prior aggravated assault conviction. Appellant's first proposed assignment of error is not well-taken.
 {¶ 14} As his second proposed assignment of error, counsel for appellant suggests that the trial court erred by admitting "unreliable hearsay" at the hearing in the form of the 1992 police report and 1993 presentence investigation report. In this case, in an effort to check the accuracy of the 1993 presentence investigation report, the trial court ordered that the police report from the 1992 aggravated assault be recovered and reviewed by Dr. Cassel and Dr. Forgac. *Page 6 
 {¶ 15} The Ohio Supreme Court has held that the Ohio Rules of Evidence do not strictly apply to sexual predator classification hearings and that reliable hearsay, including presentence investigation reports, may be considered by the trial court at such a hearing. State v. Cook
(1998), 83 Ohio St.3d 404, 425.
 {¶ 16} Accordingly, we find that appellant's second proposed assignment of error is without merit and not well-taken.
 {¶ 17} Upon our own independent review of the record, we find no grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 18} The decision of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
[1] R.C. 2950.09 was repealed effective January 1, 2008. Appellant's sentencing judgment entry was filed March 8, 2007.